IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

B.W. by his parents WALTER S.      )
WEBSTER AND DANIELLE CORRIGAN-     )
WEBSTER,                           )
                                   )
          Plaintiffs,              )
                                   )
     v.                            )     1:09CV970
                                   )
DURHAM PUBLIC SCHOOLS,             )
                                   )
          Defendant.               )

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Plaintiffs' Motion for Leave to Proffer Additional Evidence (Docket Entry 20). For the reasons that follow, the Court will deny Plaintiff's instant Motion.

BACKGROUND

This case involves claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq. (See Docket Entry 4 at 1-3.) The IDEA's purposes include "ensur[ing] that all children with disabilities have available to them a free appropriate public education [('FAPE')] that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A). In connection with this objective, the IDEA provides for the creation of Individualized Education Programs ("IEPs"), "written statement[s]" that describe, among other things, "the special education and related services and supplementary aids and services . . . to be provided to [a disabled] child." 20 U.S.C. § 1414(d)(1)(A)(i)(IV).

The IDEA permits any party "to present a complaint with respect to any matter relating to . . . the provision of a [FAPE] to [a disabled] child." 20 U.S.C. § 1415(b)(6)(A). The party that brings the complaint "shall have an opportunity for an impartial due process hearing, which shall be conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency." 20 U.S.C. § 1415(f)(1)(A). If the hearing "is conducted by a local educational agency, any party aggrieved by the findings and decision rendered in such a hearing may appeal such findings and decision to the State educational agency." 20 U.S.C. § 1415(g)(1).

In North Carolina, "[a]ny party may file with the Office of Administrative Hearings a petition to request an impartial hearing with respect to any matter relating to the . . . provision of a [FAPE] of a child." N.C. Gen. Stat. § 115C-109.6(a). Additionally, "[a]ny party aggrieved by the findings and decision of a hearing officer [from the Office of Administrative Hearings] may . . . fil[e] a written notice of appeal with the person designated by the State Board [of Education]." N.C. Gen. Stat. §§ 115C-109.9(a), 115C-107.2. The State Board of Education then appoints a State Review Officer ("SRO") to conduct an impartial review of the decision. Id. Both state and federal law permit a party dissatisfied with the SRO's decision to bring a civil action in either state or federal court. See N.C. Gen. Stat. § 115C-109.9(d); 20 U.S.C. § 1415(i)(2)(A). In such a civil action, "the

court – (i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."  20 U.S.C. § 1415(i)(2)(C).

This case began when Plaintiffs filed a "Petition" in the North Carolina Superior Court in Durham County challenging a decision regarding Defendant's proposed IEP for Plaintiff B.W. rendered by an SRO via North Carolina's above-described administrative process.  (Docket Entry 4 at 1.)  Defendant removed the case to this Court.  (Docket Entry 1.)  In their Petition, Plaintiffs complained about the SRO's consideration of:

1) issues related to the provision of a "shadow-aide" for Plaintiff B.W. (Docket Entry 4 at 1-2);

2) evidence of Plaintiff B.W.'s progress under a prior IEP (id. at 2);

3) any factual or expert testimony from Lori Stuart (id.);

4) "the Least Restrictive Environment ('LRE') requirement in determining the appropriateness of [Plaintiff B.W.'s] private placement" (id.); and

5) "the 'basic floor of opportunity' standard" (recognized by the United States Supreme Court in connection with the IDEA) in assessing issues related to state-law educational standards (id.).

Based on those alleged errors by the SRO, Plaintiffs asked for a court order declaring that:

1) "the IEP developed in March 2008 by [Plaintiff] B.W.'s IEP team was not designed to provide [Plaintiff] B.W. with a [FAPE]" (id. at 3);

2) "[Defendant's] refusal to engage in discussions at the March 2008 IEP meeting regarding a shadow aide for [Plaintiff] B.W." violated the IDEA, including Plaintiff B.W.'s right to a FAPE (id.); and

3) "the private program selected by Petitioners from February 2008 through February 2009 was appropriate under [the] IDEA" (id.).

After Defendant removed the case and the Court denied Plaintiffs' Motion to Remand (see Docket Entries 1, 9, 14), the parties submitted a Joint Rule 26(f) Report in which they acknowledged that "[t]his action follows [an] administrative process . . . of which there is an administrative record" and that "[a]ctions brought under the [IDEA] are typically decided based on [the administrative] record . . . ." (Docket Entry 17 at 1.) The Joint Report, however, noted that Plaintiff "ha[d] expressed the intent to conduct limited discovery, specifically . . . [as to] electronic communications between Defendant and one of its expert witnesses, Lori Stuart." (Id.) "Defendant expressly reserve[d] the right to object to the . . . introduction of additional evidence [beyond the administrative record]." (Id. at 2.)

Plaintiffs thereafter filed the instant Motion for Leave to Proffer Additional Evidence (Docket Entry 20), Defendant responded in opposition (Docket Entry 24), and Plaintiffs filed no reply (see Docket Entries dated Jan. 20, 2011, to the present).

-4-

DISCUSSION

With their instant Motion, Plaintiffs seek leave to present the following "additional evidence" beyond the administrative record:

(a) Email correspondence to and from Lori Stuart produced pursuant to a subpoena served herein;

(b) Email correspondence between [Defendant] and [third-party] A.B. obtained [by Plaintiff William S. Webster, who also serves as counsel for Plaintiffs] during the course of ['Plaintiff William S. Webster's] representation of [third-parties] G.B., A.B. & E.B. in [their separate state court litigation against Defendant]; and

(c) The live testimony of [third-party] A.B.

(Docket Entry 20 at 3.)

Although the IDEA does provide for district courts to "hear additional evidence at the request of a party," 20 U.S.C. § 1415(i)(2)(C)(ii), the United States Court of Appeals for the Fourth Circuit has "recognized that district courts have the discretion . . . to limit the introduction of 'additional evidence' under the IDEA," Schaffer ex rel. Schaffer v. Weast, 554 F.3d 470, 476 (4th Cir. 2009). "That authority [i]s necessary, [the Fourth Circuit] held, to protect the role of the administrative hearing as the primary forum in which to resolve disputes regarding IEPs – to avoid turning the administrative hearing into a 'mere dress rehearsal' followed by an 'unrestricted trial de novo' in the district court." Id. (quoting Springer v. Fairfax Cnty. Sch. Bd., 134 F.3d 659, 667 (4th Cir. 1998)). With that admonition in mind, the Court will consider whether to allow supplementation of the

administrative record in this case with the specific "additional evidence" proffered by Plaintiffs.

### E-mails between Defendant and Lori Stuart

Plaintiffs assert that, as part of the state administrative process, they served a discovery request for "'[a]ll correspondence between [Defendant] and any other person relating to [Plaintiffs] or the provision of special education or related services to [Plaintiff] B.W. that are not subject to the attorney-client privilege.'" (Docket Entry 20 at 1.) According to Plaintiffs' instant Motion, Defendant produced documents in response without objection; however, after "the Administrative Hearing herein, [Plaintiffs] learned [that] Lori Stuart, consultant to and expert witness for [Defendant], potentially had possession of email correspondence that was responsive to [the above-quoted document request] that had neither been disclosed nor produced by [Defendant]." (Id. at 1-2.) Both sides agree that, during the course of the instant federal litigation, Plaintiffs subpoenaed Ms. Stuart (as the Joint Status Report had forecast) and that she produced some e-mail correspondence; however, Plaintiffs and Defendant apparently do not agree about whether said e-mails represent non-privileged materials responsive to the above-quoted document request Plaintiffs served during the administrative proceedings. (Compare id. at 2 with Docket Entry 24 at 4 & n.1.)

In their brief in support of their instant Motion, Plaintiffs generally contend that the e-mails they obtained by subpoena from Ms. Stuart will "aid[] in a full understanding of the facts of this

-6-

case that was impossible to glean in the absence of their production in the administrative proceeding." (Docket Entry 21 at 4.) Plaintiffs' instant Motion and supporting brief, however, fail to explain how the e-mails in question would help establish any of the above-cited errors they have alleged as to the SRO's decision-making, see supra, p. 3. (See Docket Entries 20, 21.) Moreover, Plaintiffs have not provided the Court with copies of or quotations from the e-mails at issue (see id.) and thus the Court cannot identify any facial connection between the contents of said e-mails and the specific challenges to the SRO's decision Plaintiffs have raised in this case, see supra, p. 3. Finally, Plaintiffs have failed to explain how they could rely on any statements by Ms. Stuart in the e-mails in question, given Plaintiffs' stated position that the SRO should not have considered evidence from Ms. Stuart (see Docket Entry 4 at 2). (See Docket Entries 20, 21.)

Under these circumstances, the Court exercises its "discretion . . . to limit the introduction of [this proposed] 'additional evidence' under the IDEA," Schaffer, 554 F.3d at 476.[1]

---

[1] Other courts have reached the same conclusion under similar circumstances. See, e.g., A.S. v. Trumbull Bd. of Educ., 359 F. Supp. 2d 102, 104-05 (D. Conn. 2005) ("The Court finds it impossible to assess Plaintiffs' asserted need for additional evidence because Plaintiffs have neither provided the Court with the documents they seek to introduce nor sufficiently described them in a way that would permit the Court to consider Plaintiffs' motion. . . . When it comes to informing the Court precisely what bearing these records will have on the Court's evaluation of the hearing officers' decision, Plaintiffs are equally general and conclusory . . . . The Court is then left to speculate about how the [records] bear on the specific issues decided by the hearing officer, since Plaintiffs offer no such explanation. . . . Plaintiffs [have] failed to sustain their burden of demonstrating that the Court should exercise its discretion to supplement the record.").

### E-mails between Defendant and Third-party A.B. and Live Testimony by Third-party A.B.

Plaintiffs also seek "to proffer the live testimony of [third-party] A.B. and the email correspondence she received from [Defendant's] agents." (Docket Entry 21 at 4.) In their brief in support of their instant Motion, Plaintiffs assert that, "[w]hen [third-party] A.B.'s testimony and the email correspondence [third-party A.B. received from Defendant's agents] are reviewed together with the administrative record in this case, it reveals a single story about [Defendant] promising to create a Verbal Behavior program to satisfy the individual needs of [Plaintiff] B.W., then promising that same program to [third-party] G.B., which program has never become a reality." (Id.) According to Plaintiffs, "[s]uch additional evidence is relevant in that it tends to support [their] assertion that the placement proposed by [Defendant] in [Plaintiff] B.W.'s 14 March 2008 IEP was not a realistic placement and was, a fortiori, an inappropriate placement under [the] IDEA." (Docket Entry 20 at 9.)

In its Response, Defendant observed that:

The emails [between Defendant's agent and third-party A.B.] relate to a student other than [Plaintiff] B.W., who was attending a school other than Eno Valley Elementary School (the school at which [Defendant] proposed placing [Plaintiff] B.W. in March 2008). The classroom staff identified in the emails are not the same classroom staff that would have been assigned to [Plaintiff] B.W.'s proposed classroom, and the IEP in dispute [as to third-parties A.B., E.B., and G.B.] appears to have been drafted for the 2009-10 school year,

-8-

>     which began approximately 18 months after [Plaintiff]
>     B.W. was offered a placement in March 2008.

(Docket Entry 24 at 5.)[2]

The Court declines to exercise its discretion to permit the proposed "additional evidence" related to third-party A.B., see generally Schaffer, 554 F.3d at 476, for at least two reasons. First, as Defendant points out (see Docket Entry 24 at 6), Plaintiffs' challenges to the SRO's decision in this case, see supra, p. 3, do not include any allegation that the SRO should have concluded that Defendant lacked the capacity or the willingness to deliver the services outlined in Defendant's proposed IEP for Plaintiff B.W. As other courts have recognized, a district court properly may preclude "additional evidence" under the IDEA if the proposed supplemental material was not "*relevant to the issue properly before the district court*." Miller ex rel. S.M. v. Board of Educ. of Albuquerque Pub. Sch., 565 F.3d 1232, 1241 (10th Cir. 2009) (italics in original). Second, the Court agrees with Defendant that, if – in evaluating the sufficiency of Defendant's March 2008 proposal for Plaintiff B.W.'s IEP – the Court relied on Plaintiffs' proffered evidence about alleged events "at a different school involving different teachers in a different school year," the Court would risk engaging in "speculati[on]" and diverting its

---

[2] As previously noted, see supra, p. 4, Plaintiffs chose not to file a reply and thus have not contested Defendant's foregoing characterization of this "additional evidence" Plaintiffs wish to present. Nor have Plaintiffs provided the Court with copies of or quotations from the e-mails in question; similarly, Plaintiffs have failed to set out any details about the substance of third-party A.B.'s proposed testimony. (See Docket Entries 20, 21.)

inquiry from "the central issue of the appropriateness of [Plaintiff] B.W.'s program, . . . [to a] debat[e] [about] the implementation of another child's IEP." (Docket Entry 24 at 6.)

CONCLUSION

Plaintiffs have not shown how the "additional evidence" they seek to present bears in a non-speculative way upon the specific challenges they have raised in this case about the SRO's decision regarding Plaintiff B.W.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to Proffer Additional Evidence (Docket Entry 20) is **DENIED**.

                    /s/ L. Patrick Auld
                      **L. Patrick Auld**
              **United States Magistrate Judge**

May 13, 2011